EDMUND THOMAS, EXR. *vs.* MARY E. THOMAS.

Knox. Opinion February 28, 1902.

*Writ. Service. Non-Resident. R. S., c. 81, §§ 17, 21.*

1. When the defendant is a non-resident, and only commorant in some town in this state and is so described in the writ, a return by the officer that he "attached a chip as the property of the defendant, and summoned the said defendant by leaving at her last and usual place of abode a summons for her appearance at court," does not show sufficient legal service.

Exceptions by plaintiff. Overruled.

The presiding justice ordered the action to be dismissed for want of sufficient service of the writ upon the defendant.

*D. N. Mortland,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, FOGLER, PEABODY, JJ.

FOGLER, J. This is an action of trover which comes to this court upon exceptions by the plaintiff to the order of the presiding justice, on motion of the defendant, dismissing the action for want of sufficient service. The writ is dated August 21, 1901, and commanded the officer "to attach the goods and estate of Mary E. Thomas of Philadelphia in the state of Pennsylvania, and now commorant in South Thomaston in the county of Knox, to the value of five hundred dollars, and summon the said defendant (if she may be found in your precinct) to appear before our justices of our Supreme Judicial Court to be holden in Rockland within and for the county of Knox on the third Tuesday of September, A. D. 1901, to answer unto Edmund W. Thomas, Executor." The return of the officer, deputy sheriff of Knox county, states that, "On August twenty-third, A. D. 1901, by virtue of this writ I attached a chip, the property of the within named defendant, and on the twenty-third day of August,

A. D. 1901, I summoned the said defendant by leaving at her last and usual place of abode a summons for her appearance at court."

On the first day of the return term, the defendant appeared specially for the purpose of objecting to the service of the writ, but for no other purpose, and filed a motion in writing to dismiss the action for insufficiency of service. After a hearing thereon by the presiding justice, said motion was sustained and said action ordered dismissed, from which ruling and order the plaintiff excepts.

By the exceptions and the motion, which is made a part of the exceptions, it appears that the defendant was a permanent resident of Philadelphia, and at the date of said writ, and at the time of service thereof, she was commorant together with her daughter and son-in-law in the town of South Thomaston. The question is whether the service as stated by the officer in his return is sufficient to bring the defendant within the jurisdiction of this court.

By the common law personal service was required in all actions purely in personam. In this state, and, it is presumed, in all the other states of the Union, provision is made by statute for substituted or constructive service upon parties resident in the state. Such substituted service is a departure from the common law and the authority for it must be strictly followed. *Settlemier* v. *Sullivan*, 97 U. S. 444; *Galpin* v. *Page*, 18 Wall. 320.

Our statute, R. S., c. 81, § 17, provides how writs may be served on residents and declares that, "a separate summons, in form by law prescribed, shall be delivered to the defendant or left at his dwelling-house or place of last and usual abode." Section 21 of the same chapter, providing for the service of writs on non-residents, contains no provision for substituted or constructive service.

The obvious construction of these sections is that constructive service can only be made upon parties defendant resident within the limits of the state and, therefore, within the jurisdiction of the court.

At the date of the service of the writ the defendant's permanent residence was in Pennsylvania, but she was then commorant in this state. Can she be regarded as a resident of the state so that substituted service could be made as provided by statute?

The learned counsel for the plaintiff contends that, as commorancy is "a residence temporary, or for a short time," a person commorant in a place is one having a residence for the time being in such place, and, if he resides at a given place, whether for a long or short period of time, he is a resident. We cannot sustain this contention. We think the word "resident" in the statute means one having a permanent residence in the state as distinguished from one who is merely temporarily within the limits of the state.

In *Pullen* v. *Monk*, 82 Maine, 412, the court, in discussing the meaning of the word "commorant" contained in another statute, uses the following language: "It cannot be doubted that a man may be a resident in one place and commorant in another at the same time. The distinction is between a permanent and a temporary home. A commorancy may be all the residence a man has, but usually not. In Webster's dictionary commorancy is defined as meaning, in American law, 'residence temporarily or for a short time.' The term from its derivation from the latin implies something less than a regular residence, such as a staying, a sojourning, and more literally a tarrying. It was to express these minor degrees of residence that the word got in vogue in our jurisprudence, though not often used."

And in *Gilman* v. *Inman*, 85 Maine, 105, the court, speaking of the same word, says: "The etymological signification implies an abiding or tarrying for some appreciable though temporary duration less than a permanent residence."

In *Ames* v. *Winsor*, 19 Pick. 247, the defendant was described in the writ as of Duxbury, but as commorant in Boston. The service was by leaving a summons at his last and usual place of abode in Boston. Under a statute providing for substituted service identical with that of this state, the court held the service insufficient and stayed all further proceedings in the case. It is there said, "The law proceeds on the supposition, that, at a man's dwelling-house, or last *and* usual place of abode, (for both must concur) there will be some person enjoying his confidence, careful of his interests and charged with his concerns, who will give him actual notice," a reasoning adopted and declared in *Sanborn* v. *Stickney*, 69 Maine, 343.

It is true, as pointed out by the plaintiff's counsel, that in *Ames* v. *Winsor*, the place of permanent residency and the place of commorancy were both in the same commonwealth. We perceive no difference in principle between such a case, and a case where a defendant is commorant in a state other than that of his permanent residence.

The precise question here at issue was decided in *White* v. *Primm*, 36 Ill. 416. There the defendant was a resident of Illinois. At the date of the officer's return, he was stopping for two or three weeks at a private boarding-house in St. Louis. It was held that service by leaving a copy at that boarding-house was insufficient, although the officer's return stated that he had served the precept "by leaving a copy at the usual place of abode of the defendant." In the opinion it is said, "But we are not prepared to recognize a doctrine so perilous to private rights as it would be to admit that the hotel or boarding-house, where a stranger is sojourning for a few days, is to be considered his 'usual place of abode' within the meaning of the statute."

See also *Blythe* v. *Hinckley*, 84 Fed. Rep. 228; *Grant* v. *Dalliber*, 11 Conn. 234.

The counsel for the plaintiff further contends that, as the officer's return states that he left a summons at the defendant's place of last and usual abode, that statement must be regarded as conclusive of the fact. That contention might have force if the defendant had a place of last and usual abode within the officer's precinct.

But the case shows that the defendant had no such place of abode within the state, and this court could not obtain jurisdiction of the case by a constructive service. The construction to be given to the return most favorable to the plaintiff is that the summons was left at a place which the officer supposed or believed to be the place of the defendant's last and usual abode. We do not think that the officer's return can be held to rebut the truth, and establish as a fact that which did not exist. Nor do we think that there are admissions in the defendant's motion or exceptions which tend to give the court jurisdiction.

*Exceptions overruled.*