A. L. FEIGHAN v. JACOB SOBERS AND AARON SOBERS, TRADING AS JACOB SOBERS & SON.

Submitted March 20, 1913—Decided July 2, 1913.

Where a defendant has a general place of abode in this state, but closes it, and is absent from the state, service at such usual place of abode during such absence is invalid.

On rule to show cause.

Before Justice VOORHEES.

For the plaintiff, *Harrison H. Voorhees* and *Joseph H. Brinton.*

For the defendants, *Ulysses G. Styron* and *John F. X. Ries.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff who had obtained a judgment in Philadelphia, in 1909, brought an action upon the record thereof in the State of New Jersey. Jacob and Aaron Sobers were the defendants.

The summons and declaration contained a return that they were duly summoned "by delivering a copy to each of them at their place of abode in Margate City with Barbara Hoffman, housekeeper, in charge thereof."

Judgment was entered in February, 1910. Jacob Sobers died on July 24th, 1911, and his executor obtained this rule to show cause which was made in August, 1911.

The question to be decided hereunder is the validity of the service made upon Jacob Sobers. Aaron Sobers appears not to object. It is said that Jacob was unquestionably domiciled in Margate City, and it is asserted that being domiciled there and having his housekeeper in charge of his house, which was alleged to have been then open, due service was properly made by leaving the process with such housekeeper.

The defendants deny either actual or legal service of process upon this defendant, and in consequence claim the acquired judgment is without validity.

It is said that the service must be made in conformity with the directions of the statute (*Rogers* v. *Jarman*, 2 *Penn.* 527), and that the statute in force at the time was that first process should be a summons "a copy whereof shall be served upon the defendant in person or left at his usual place of abode." *Pamph. L.* 1903, *p.* 537, § 52. Neither of the defendants was in New Jersey at the time.

Laying aside the service upon Aaron, inasmuch as it is not contested, we examine the validity of that made upon Jacob. The statute directs that it shall be made at the "usual place of abode," not at his "place of abode." The case of *Mygatt* v. *Coe*, 34 *Vroom* 510, held distinctly that the dwelling-house or usual place of abode within the meaning of this act is the place where the defendant is actually living at the time when the service was made. There is no contention that Jacob was living at this place. It was his custom from 1906 on for him to spend the winters in Florida, and in November or December he left for the south, and did not return until March or April.

In November, 1909, according to this custom, he left about the middle of November, spent two or three weeks in Philadelphia and then left for Florida. Before leaving he closed his house at Margate City, turning off the water to prevent its freezing in the pipes, leaving the key with Barbara Hoffman. The house appears to have been unoccupied.

The return by the officer of the manner of the service was that he was served at his place of abode, but at that time it is clear from the depositions that Jacob had no usual place of abode in this state within the meaning of the statute above quoted.

We are of opinion that the principles adduced in *Mygatt* v. *Coe, supra,* are relative to the case in hand; that Jacob was not served as indicated by our statute, and the rule should be made absolute to the end that the judgment be set aside, with costs to the prosecutor.