ALICE SWEENEY, PLAINTIFF-APPELLANT, v. ANNE E. MINER, DEFENDANT-APPELLEE.

Submitted July 6, 1915—Decided November 15, 1915.

1. An order overruling a motion to set aside service of summons is a mere interlocutory order from which an appeal will not lie, but an order setting aside the service of summons is appealable, since it is in the nature of a final judgment and determines the action.
2. Section 52 of the Practice act (Revision of 1903), as amended by chapter 264 of *Pamph. L.* 1912, *p.* 469, provides that service of summons upon a defendant shall be made either upon him in person or by leaving it at his usual place of abode. *Held*, that the usual place of abode of a defendant within the meaning of the statute is the place where he is actually living at the time when the service is made, and that when a defendant has a general place of abode in this state, but closes it, and is absent from the state, he has no usual place of abode in this state within the meaning of the statute, and service at such place during his absence is invalid.
3. The return of the officer serving any process is not conclusive, but may in the same action be shown to be untrue by either of the parties.

On appeal from the Hudson Circuit Court.

For the plaintiff-appellant, *Herbert Clark Gilson.*

For the defendant-appellee, *Marshall W. Van Winkle.*

The opinion of the court was delivered by

WILLIAMS, J. The plaintiff in this case brought suit in the Hudson Circuit Court against the defendant for the alienation of the affections of her husband, and this appeal assails the validity of the judgment of the Circuit Court which makes absolute a rule to show cause why the process for appearance should not be set aside for want of due service. The writ was served on the defendant, as appears by the return endorsed on it, February 6th, 1915, "by leaving a true copy thereof for her at her usual place of abode at Avenue A and West Eighth street, Bayonne, with Joseph Stanton, caretaker of the said

defendant's premises, whom I informed of the contents thereof." Application was made to set aside the service of summons and complaint upon the ground that on January 9th, 1915, the defendant had removed her residence from the city of Bayonne, in this state, to the city of Brooklyn, New York state, and that her place of abode on February 6th, 1915, was in Brooklyn, New York, as was that of her husband. A rule to show cause was allowed, testimony was taken under it, and on its return made absolute "under the authority of and holdings in *Mygatt* v. *Coe et al.*, 63 *N. J. L.* 510," from which order plaintiff appeals.

The first question to be considered is whether such an order is the subject of an appeal. No appeal was taken to this court in Mygatt *v.* Coe, above cited. An appeal will lie in most jurisdictions to review the action of the court in sustaining or overruling a demurrer to a declaration where the action or proceeding is finally disposed of by the court by dismissing the same or by giving a judgment for either party. 3 *Corp. Jur.* 483, and cases there cited.

In *Taylor Provision Co.* v. *Adams Express Co.*, 72 *N. J. L.* 220, it was held that the validity of an order dismissing a rule to show cause, under conditions like those now involved, would not be decided in this court until after the entry of final judgment; but in the present case the order making the rule absolute is in the nature of a final judgment and seems to be dispositive of the case, for, as the defendant is now discharged, and cannot be further proceeded against in this suit, it is, in effect, a final determination of the present action.

In *Tomlinson* v. *Armour*, 75 *N. J. L.* 748, it was held that a judgment in favor of either party upon demurrer to a declaration is a final judgment reviewable in error, citing *Hale* v. *Lawrence*, 22 *Id.* 72, 80.

In *State* v. *Pennsylvania Steel Co.*, 123 *Md.* 212, it was held that an order quashing the return to a summons, because defendant, a foreign corporation, was not engaged in business within the state, and the summons was not served upon an agent, authorized for that purpose, is a final order, from which an appeal can be taken.

An order overruling a motion to quash the writ or summons is a mere interlocutory order from which an appeal will not lie; but an order quashing the writ or summons is appealable, since it determines the action. 2 *Cyc.* 609, and cases there cited.

In *Knight* v. *Cape May Land Co.*, 83 *N. J. L.* 597 (at *p.* 599), the court says: "While the general rule is that a writ of error will not lie to review the granting or discharging of a rule to show cause, it has always been confined to cases where the action of the court was founded solely upon the exercise of its discretionary power, but not to a case where the effect of the granting or discharging of the rule is dispositive of the entire case—in that, its action is tantamount to the rendering of a final judgment." See, also, *Eames* v. *Stiles,* 31 *Id.* 490; *Defiance Fruit Co.* v. *Fox,* 76 *Id.* 482, and *McAdams* v. *Mundy,* 79 *Id.* 480.

From these authorities it can be stated as a general rule that an order overruling a motion to set aside service of summons is a mere interlocutory order from which an appeal will not lie; but an order setting aside the service of summons is appealable, since it is in the nature of a final judgment and determines the action.

The plaintiff contends that the order setting aside the service of process was erroneously granted because, first, there was no legal evidence to support it; second, the evidence with respect to the residence or usual place of abode of defendant was contradictory, inconsistent and untrustworthy; third, the statute does not provide that process be served upon any designated person, but merely directs that it be "left" at the usual place of abode, and fourth, the return of the sheriff is conclusive.

As the defendant was not served personally, the question to be determined by the Circuit judge was, where was defendant's place of abode on February 6th, 1915, and if there was evidence to support his finding, this will answer the first three contentions of the plaintiff.

The testimony taken under the rule shows that defendant

has lived at the Hotel St. George, Brooklyn, New York, with her husband, since January 9th, 1915; that for seven years prior to that time they lived at the foot of West Eighth street, Bayonne, New Jersey, in a house owned by the husband, who was engaged in business in New York City; they had no children. Prior to this she had lived in Brooklyn, was born there and always had a desire to go back and live there; for some time prior to February 6th, 1915, she had looked at apartments in Brooklyn for the purpose of hiring one; that she had made no plans to return to the Bayonne house during the winter, and her intention was to remain permanently in Brooklyn; her husband came the day after she left and has been with her ever since; that she received a letter from plaintiff's attorney, dated January 7th, 1915, threatening a suit for the alienation of the affections of plaintiff's husband, and she called upon him the next day; on the following day she left Bayonne and went to Brooklyn; her husband employed a man to watch the Bayonne house, who remained there two weeks, from February 4th, 1915; on February 6th, 1915, the alleged service was made by the deputy sheriff on this watchman or caretaker, who was protecting the vacant house.

Abode is one's fixed place of residence for the time being— the place where a person dwells. 1 *C. J.* 306.

In *Mygatt* v. *Coe, supra,* under the authority of which the Circuit judge set aside the service, it was held that the dwelling-house or usual place of abode of a defendant within the meaning of the statute, is the place where he is actually living at the time when the service is made.

It will be noticed that the statute at that time included the word "dwelling-house," but the present statute omits it, which tends to strengthen the decision.

In *Feighan* v. *Sobers & Son,* 84 *N. J. L.* 575, it was held that where a defendant has a general place of abode in this state, but closes it, and is absent from the state, he has no usual place of abode in this state within the meaning of the statute, and service at such place during his absence is invalid.

The court states, also, after citing Mygatt *v.* Coe, that "we are of opinion that the principles adduced in Mygatt *v.* Coe are relative to the case in hand." This case was affirmed in this court in 86 *N. J. L.* 356.

The Circuit judge found, as a fact, that the place of abode of the defendant at the time of service of summons was at the Hotel St. George, in Brooklyn.

She may have fled from this state because of the letter from plaintiff's attorney threatening suit for alienation of the affections of plaintiff's husband. It makes no difference what her motive was; it is sufficient if her usual place of abode was not where the writ was left. Counsel for appellant seems to consider that this court will weigh the evidence *pro* and *con* on the question of the residence of the defendant at the time of the alleged service of summons, and if we find it preponderates in favor of the conclusion that she was at that time a resident of this state and lived at the place specified in the return, that we will reverse the rule absolute. It is not necessary to examine the testimony except for the purpose of discovering whether there was any evidence to support the adjudication, and that there was is clear.

As to the fourth contention of the plaintiff, that the return of the sheriff is conclusive, the statute itself (3 *Comp. Stat., p.* 4066, § 50) recites: "The return of the officer serving any process may in the same action be shown to be untrue by either of the parties."

The return made by a sheriff upon a *capias* is conclusive upon him, and also, in the cause, upon the parties, except on an application to amend it or set it aside. *Loewenthal* v. *Wagner,* 68 *N. J. L.* 214.

A sheriff's return of a writ "served," is not conclusive as to time and place of service, which may, by affidavit, be shown to be illegal. *Chapman* v. *Cumming,* 17 *N. J. L.* 11.

A return may only be impeached by a direct proceeding instituted for that purpose, and there are many authorities which maintain that a return is conclusive upon the parties to a suit, and that the only remedy for a false or incorrect

return lies in an action against the officer.  But there seems to be no reason why a return may not be impeached by a direct proceeding just as any other portion of the record may be— that is, either by motion to set aside or by application to the court direct.  22 *Am. & Eng. Encycl. L.* 195, citing *Stewart* v. *Camden, &c., Ry. Co.,* 33 *N. J. L.* 115, and *Nietert* v. *Trentman,* 104 *Ind.* 390, where the defendant was allowed to show in a complaint to set aside the return that he had not been served with papers, although the return stated that he had.

Opposed to the common law rule is the more liberal rule which permits the return to be impeached by affidavit, or otherwise, in a direct proceeding brought for that purpose, such as a motion to dismiss the action or to set aside the return or to vacate a judgment by default based thereon, but the proof necessary to overthrow the return must be clear and unequivocal.  32 *Cyc.* 516, citing, among many cases, *Wendell* v. *Mugridge,* 19 *N. H.* 109, which holds that a recital in a sheriff's return of service as to the usual place of abode of defendant is not conclusive.  Also *Chapman* v. *Cumming, supra.*

As there was evidence to support the adjudication, the appellant must point out some legal error committed by the trial judge, and this she has failed to do.

The order appealed from will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   15.

*For reversal*—None.