BYRON VREDENBURGH, Jr., ET AL., v. ROY WEIDMANN AND JOHN WEIDMANN.

Decided February 29, 1936.

Before Justice PARKER, at chambers.

For the plaintiffs, *Lord & Lord.*

For the rule, *Franklin J. Marryott.*

*Memorandum of decision.*

Defendant Roy Weidmann claims to have appeared specially for the purpose of this rule. For the plaintiffs it is claimed that by his subsequent actions in the cause the appearance became general; but I find it unnecessary to go into this question as the rule will be discharged for other reasons.

The determinative question is whether defendant has shown that the sheriff's return is false in that service, made in Essex county at the house of John Weidmann, a co-defendant and father of Roy Weidmann, and upon said John as a member of the household, was not made "at the usual place of abode" of defendant Roy. Practice act, 1903, section 52 (3 *Comp. Stat., p.* 4067), amended, *Pamph. L.* 1912, *p.* 469 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2798, § 163-52).

The original rule provided for service of affidavits in support of it, and of counter affidavits for the plaintiffs. This seemed to contemplate instead of depositions (the usual course) *ex parte* affidavits in addition to those presented at the granting of the rule. No further affidavits, however, were served by either side. Later, there was a counter-rule taken out by the defendant requiring plaintiff to show cause why depositions on behalf of defendant Roy should not be taken. None were taken, however, and the matter seems to be submitted on the affidavits of Roy and John, sworn to on the day previous to the original rule to show cause. This is very loose practice, for reasons that will presently appear.

Certain facts are plain. Roy is the son of John, and during minority Roy's home would normally and presumably be with his father. Roy is now of age, and for a year or more

has been a student at the Yale law school in New Haven. The two affidavits are discreetly silent on this point, but it appears in the plaintiff's brief and my recollection is that it was conceded at the argument. The affidavits admit that Roy spends his vacations with his father. As to his usual place of abode, they state conclusions rather than facts. I am clear that they should not be allowed to countervail the sheriff's return, there being every presumption of its correctness. The pertinent decision in this state is *Missell* v. *Hayes,* 84 *N. J. L.* 196; 85 *Atl. Rep.* 818; *affirmed,* 86 *N. J. L.* 348; 91 *Atl. Rep.* 322, and not the line of cases like *Sweeney* v. *Miner,* 88 *N. J. L.* 361; 95 *Atl. Rep.* 1014, and *Feighan* v. *Sobers,* 84 *N. J. L.* 575; 87 *Atl. Rep.* 636, referring to a house closed up and merely protected by a watchman or a caretaker.

In Missell *v.* Hayes the son was actually spending his vacation at his father's house, but that does not distinguish the case, for if that house was not his "usual place of abode" the service would still be ineffective.

It will be pertinent to quote at length what the late Judge White said in *Missell* v. *Hayes,* 86 *N. J. L.* at *p.* 351, about using *ex parte* affidavits instead of taking depositions on notice:

"As was pointed out by the Supreme Court, in *Baldwin* v. *Flagg,* 43 *N. J. L.* 495, the proper practice to support motions (or, rather, as they should be, rules) of this character in courts of law, is by depositions taken under rule, or in accordance with the rules of the Supreme Court, and not be *ex parte* affidavits, as was done in this case. If depositions had been taken in this case, doubtless cross-examination would have sifted out and developed facts which would have enabled the court to say with much more certainty than is now possible whether there was or was not such an actual change of residence when the son went away to college as to deprive his father's residence, even while the son was actually there on vacation, of the character of the latter's 'usual place of abode' within the meaning of the act of assembly. Under the *ex parte* affidavits, however, consisting as they did largely of conclusions resulting from facts rather than a statement of

the facts themselves, the Supreme Court was unable to say with any certainty that the writ had not been properly 'served.' "

The rule to show cause will be discharged, with costs of argument before me of this matter and of entry of a suitable rule in conformity with the present decision. The intermediate rules indicate some little confusion in procedure and I think as to them there should be no costs either way pending the final result, particularly as the propriety of those intermediate rules was not before me.