CAMDEN COUNTY COURT OF COMMON PLEAS.

ALLEN ECKMAN, JR., BY AND THROUGH HIS MOTHER
AND NEXT FRIEND, CELESTE E. ECKMAN, AND
CELESTE E. ECKMAN, IN HER OWN RIGHT, PLAIN-
TIFFS, v. CLARENCE M. GREAR AND CLARENCE
GREAR, DEFENDANTS.

Decided October 17, 1936.

For the defendants, *Marshall H. Diverty*.

For the plaintiffs, *Walter S. Keown*.

NEUTZE, C. P. J.   The proceeding before the court is on a
rule to show cause why the service of the summons and com-
plaint on the defendant Clarence Grear, who is a son of the
other defendant herein, Clarence M. Grear, should not be set
aside and dismissed.   This motion is in behalf of the son and
he is hereinafter called the defendant, and/or Clarence M.
Grear, Jr.

On the 29th day of December, 1934, the defendant Clar-
ence M. Grear, Jr., was driving an automobile in Camden
county, which figured in an accident, and as a result thereof,
the plaintiff Allen Eckman, Jr., was injured.   At this time,
the defendant was a minor, being about twenty years of age
and lived at home with his parents in Camden.   Subsequently
this young man enlisted in the United States army in June

of 1935, with his parents' consent and on July 25th, 1935, he was sent to Hawaiian Islands where he hoped to qualify for admission to West Point Military Academy. Then on August 19th, 1935, the plaintiff herein, through the deputy sheriff of Camden county, sought to serve the summons and complaint, over which the present controversy has arisen, upon the defendant Clarence M. Grear, Jr., by "leaving a true copy of the annexed summons and complaint with a member of his family above the age of fourteen years, to wit: On Clarence M. Grear, his father * * * at their dwelling or usual place of abode, 4000 Westfield Ave., City and County of Camden, New Jersey."

The defendant, by permission of the court, has had a special appearance entered for him by his father and next friend, who is also a co-defendant, to dismiss the complaint for lack of proper service, as it is his contention that he was not within the jurisdiction of the court on August 19th, 1935, when service was sought to be made. Pursuant to this special appearance, the defendant has offered the proper type of proof to show that he was not served personally nor at his usual place of abode. This proof is by deposition of the co-defendant and father, Clarence M. Grear, Sr. The uncontroverted facts of this deposition show that the defendant resided with the deponent until his enlistment in the army and that on the 25th day of July, 1935, he sailed for the Hawaiian Islands pursuant to a three-year enlistment with the deponent's consent. Before departing the defendant disposed of all his personal belongings and intended to make a career of his service in the army. The defendant, the deponent testified, was self-sustaining and did not intend to return to his parents' home in Camden. All ties with his home were severed and he was subject only to orders of the government. The deponent advised the deputy sheriff of the defendant's whereabouts at the time service was made.

At common law, personal service upon a party to an action *in personam* was imperative. In such an action the foundation of jurisdiction is physical power. *McArdle Real Estate Co.* v. *McGowan*, 109 *N. J. L.* 595; 163 *Atl. Rep.* 24; *McDonald* v. *Mabee*, 243 *U. S.* 90; 37 *S. Ct.* 343; *Thomas* v. *Thomas*, 96 *Me.* 223; 52 *Atl. Rep.* 642.

However, at an early date statutes were passed by all states to allow for substituted service, but the service provided for must be such that will assure the court that the defendant would be informed of the pendency of the suit. *Pennoyer* v. *Neff,* 95 *U. S.* 714; 24 *L. Ed.* 565. Since these statutes are in derogation of the common law they must be strictly construed and fully carried out to confer jurisdiction. *Ruhle* v. *Caffrey, Judge,* 113 *N. J. L.* 240; 174 *Atl. Rep.* 204; *Thomas* v. *Thomas, supra.* To this normal rule of construction upon statutes must be added the rule set forth in the case of *Dock* v. *Elizabethtown Steam Manufacturing Co.,* 34 *N. J. L.* 312, wherein Mr. Justice Depue said: "The Practice act being designed merely as a means of administering justice, should be liberally construed in all its parts. except those which pertain to the mode of obtaining jurisdiction over the parties."

The New Jersey statute as to service of process in actions *in personam* provides that "the first process in personal actions in cases where the plaintiff is not entitled to bail shall be a summons, a copy whereof shall be served on the defendant in person or *left at his usual place of abode."* (Italics mine.) 2 *Cum. Supp. Comp. Stat., p.* 2798, § 52.

The question therefore resolves itself down to whether the defendant was served at "his usual place of abode" within the meaning of the statute in order to confer jurisdiction upon this court of the defendant Clarence M. Grear, Jr.

From the facts disclosed by the deposition it is clear that the defendant has severed all connections with his parents' home and is emancipated by his father. But whether the defendant was emancipated or not is immaterial because if the defendant's "usual place of abode" was not with his parents at the time of the service, he cannot be served there. As has been stated, service of process in an action *in personam* must be personal or in accordance with the statute, and this whether the defendant be an adult, infant or lunatic. *McArdle Real Estate Co.* v. *McGowan, supra.*

The meaning of the phrase "usual place of abode" has a well defined meaning in the law and is different from the words "residence" and "domicile" when applied to service of

process. The words "usual place of abode" is of the three, the most restricted in meaning. A clear distinction of "residence" and "domicile" is found in the case of *Stout* v. *Leonard*, 37 *N. J. L.* 492 (at *p.* 495), where Chancellor Runyon said: "Residence is not domicile, though domicile is the legal conception of·residence. Domicile is residence combined with intention. It has been well defined to be a residence at a particular place, accompanied with positive or presumptive proof of an intention to remain there for an unlimited time. A man can have but one domicile for one and the same purpose at any one time though he may have numerous places of residence. His place of residence may be, and most generally is, his place of domicile but it obviously is not by any means necessarily so, for no length of residence without the intention of remaining will constitute domicile." See, also, *Baldwin* v. *Flagg*, 43 *N. J. L.* 495; *Shaeffer* v. *Gilbert*, 73 *Md.* 66; 20 *Atl. Rep.* 434. Going one step further "usual place of abode" is the place where the defendant is actually living at the time of the service. The word abode means one's fixed place of residence for the time being when the service is made. Thus if a person have several residences he must be served at the residence in which he is actually living at the time service is made. *Feighan* v. *Sobers*, 84 *N. J. L.* 575; 87 *Atl. Rep.* 636; *affirmed*, 86 *N. J. L.* 356; 91 *Atl. Rep.* 1068; *Mygatt* v. *Coe*, 63 *N. J. L.* 510; 44 *Atl. Rep.* 198; *Sweeney* v. *Miner*, 88 *N. J. L.* 361; 95 *Atl. Rep.* 1014; *Berryhill* v. *Sepp*, 119 *N. W. Rep.* 404; 106 *Minn.* 458. At the time of the service in this case, the defendant did not have his "usual place of abode" at the home of his parents. His abode at that time was in Hawaii as may be seen from the facts set forth in the deposition.

In conclusion, I wish to say that I have not lost sight of the cases of *Missell* v. *Hayes* 84 *N. J. L.* 196; 85 *Atl. Rep.* 818; *affirmed*, 86 *N. J. L.* 348; 91 *Atl. Rep.* 322, and *Vredenburgh* v. *Weidmann*, 14 *N. J. Mis. R.* 285; 183 *Atl. Rep.* 459, wherein the defendants were infants and service was made at their respective homes while students at college. By reason of these cases, the impression has been put forth by the plaintiff that as long as the defendant is an infant, the

home of his parents is the proper place to serve him as his usual place of abode. This in effect would make the court substitute the domicile of the infant for his usual place of abode without further ado. An infant secures his domiciliary status from his parent by operation of law but it does not necessarily follow that the infant's usual place of abode need be in the same place any more than an adult's domicile and place of abode need be in the same place. Usually, however, an infant's place of abode is with his parents by virtue of the economic forces of dependency and the natural force of family ties. Mr. Justice Parker in the case of *Vredenburgh* v. *Weidmann, supra,* recognized such to be the fact when he said, "Roy is the son of John and during minority Roy's home would normally and presumably be with his father." The court then distinguished the line of cases of *Sweeney* v. *Miner, supra,* and *Feighan* v. *Sobers, supra,* from the case then before it and the case of *Missell* v. *Hayes, supra,* by saying that in these two latter cases the defendant had not overcome the presumption of the infant's place of abode nor of the correctness of the sheriff's return and that only affidavits had been offered to show the defendant infant's usual place of abode. The defendant should have submitted depositions.

In the case now before this court the defendant did submit depositions to show that the defendant's usual place of abode was not in Camden with his father but rather was in Hawaii. The court is satisfied that such is the fact and that the defendant has disproved and rebutted the normal and presumable assumption that the infant's place of abode was with his father at the time of the service of the summons and complaint and has also rebutted the presumption that the sheriff's return was correct.

The defendant Clarence M. Grear, Jr.'s, usual place of abode was not at Camden with his father at the time of the service of the summons and complaint. Therefore the rule is made absolute and the service of the summons and complaint upon the defendant Clarence Grear is set aside.