GEORGE KURILLA, BY HIS NEXT FRIEND, JOHN KURILLA, AND JOHN KURILLA, INDIVIDUALLY, PLAINTIFFS, v. ALMORE L. ROTH, DEFENDANT.

Submitted February 21, 1944—Decided August 25, 1944.

Before Justice HEHER, at the Passaic Circuit.

For the rule, *William V. Rosenkrans.*

*Contra, Ephraim Frank Schwartz.*

HEHER, J. The complaint charges the defendant with negligence in the operation of his automobile on September

26th, 1942. The sheriff's return certifies service of the summons and complaint upon defendant on July 6th, 1943, "by leaving a copy of same with his mother, at his usual place of abode, 23 East Russell Street, Clifton, New Jersey." This was the residence of defendant's mother and stepfather. Defendant, who was then unmarried and of the age of twenty-five years, had boarded there until November 2d, 1942, when he was inducted into the military service of the United States. He was assigned to a training camp at Green Bay, Great Lakes, Illinois; and, after a time, was transferred to the Naval Aviation Camp at Memphis, Tennessee, and thence to the Naval Air Station at Pensacola, Florida. He was still in the naval service at the time of the purported service of process, stationed at the last-named post; and the decisive question is whether the service thus made was sufficient in law.

At common law, there is no privilege from service of civil process in favor of persons in the military service. *Murrey* v. *Murrey,* 216 *Cal.* 707; 16 *Pac. Rep.* (*2d*) 741; 85 *A. L. R.* 1335; *cert. den.,* 289 *U. S.* 740; 53 *S. Ct.* 658; 77 *L. Ed.* 1487; *Carl* v. *Ferrell,* 71 *App. D. C.* 296; 109 *Fed. Rep.* (*2d*) 351; *cert. den.,* 310 *U. S.* 636; 60 *S. Ct.* 1079; 84 *L. Ed.* 1405. And the *Federal Soldiers' and Sailors' Civil Relief Act of* 1940 does not purport to suspend, during the period of belligerency, the exercise of the judicial power to acquire jurisdiction *in personam* for the adjudication of civil controversies. 54 *Stat.* 1178, *ch.* 888; 50 *U. S. C. A. App.,* § 501, *et seq.* Indeed, the policy of non-interference in this regard is implicit in the act. There is no exemption from civil process in favor of those in military service. And provision is made for the protection of servicemen against injustice both before and after judgment. See particularly 50 *U. S. C. A. App.,* §§ 520(1), 520(3), 520(4), 521. It has been held that neither this Act nor public policy exempts from civil process non-resident officers of the armed services of the United States who are temporarily in a state on official business, and that the courts possess ample powers to protect the rights of defendants engaged in the nation's military service. *Tully* v. *Superior Court,* 45 *Cal. App.* (*2d*) 29; 113 *Pac. Rep.* (*2d*) 477.

There is no state statute touching the service of process upon persons in the armed forces; and it therefore remains to inquire whether the service made here satisfies *R. S.* 2:27–59, providing that process in personal actions shall be served upon the defendant in person, or by leaving a copy at his "usual place of abode." I am clear it does not.

"Abode" is one's fixed place of residence for the time being—the place where a person dwells. One's "usual place of abode," in the statutory view, is the place where one is "actually living" at the time when the service is made. *Sweeney* v. *Miner,* 88 *N. J. L.* 361; *Feighan* v. *Sobers & Son,* 84 *Id.* 575; *affirmed,* 86 *Id.* 356; *Camden Safe Deposit and Trust Co.* v. *Barbour,* 66 *Id.* 103; *Mygatt* v. *Coe,* 63 *Id.* 510; *Feder* v. *Bodner,* 129 *Id.* 173. *Vide,* 127 *A. L. R.* 1267.

True, defendant's induction into the military did not effect a change of domicile. But "domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. "Domicile" is the relation which the law creates between an individual and a particular locality or country. In a strict legal sense, the domicile of a person is the place where he has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning, and from which he has no present intention of moving. 17 *Am. Jur.* 588, 590; 28 *C. J. S.* 3. It is the place with which he has a settled connection for certain legal purposes, either because his home is there or because that place is assigned to him by the law. *Croop* v. *Walton,* 199 *Ind.* 262; 157 *N. E. Rep.* 275: 53 *A. L. R.* 1386; *Fisher & Van Gilder* v. *First Trust Joint Stock Land Bank,* 210 *Iowa* 531; 231 *N. W. Rep.* 671; 69 *A. L. R.* 1340; *Shenton* v. *Abbott,* 178 *Md.* 526; 15 *Atl. Rep.* (2*d*) 906. This is the rule adopted by the American Law Institute. *A. L. I. Conflict of Laws,* § 9. And every person, in all circumstances and conditions, is deemed to have a domicile somewhere; and, in general, a domicile once established continues until superseded by a new domicile, and the old domicile is not lost until a new one is acquired. *In re Dorrance Estate,* 115 *N. J. Eq.* 268: *affirmed, Dorrance* v. *Thayer-Martin,* 13 *N. J. Mis. R.* 168: *affirmed,* 116 *N. J. L.* 362; 17 *Am. Jur.* 590, 601.

A person may have several residences or places of abode, but he can have only one domicile at a time. Domicile of choice is essentially a question of residence and intention—of *factum* and *animus*. It involves an exercise of volition. *In re Dorrance Estate, supra.* And he may have his residence in one place, while his domicile is in another. *Stout v. Leonard,* 37 *N. J. L.* 492; *Duke* v. *Duke,* 70 *N. J. Eq.* 135; *affirmed,* 72 *Id.* 434. There are certain legal rights and privileges which pertain to "residence" rather than to "domicile." One's "home" may be relinquished and abandoned, while one's "domicile," upon which may depend certain civil rights and duties, may in legal contemplation remain. 17 *Am. Jur.* 590, 592, 597. See, also, 148 *A. L. R.* 1413. The exercise of the elective franchise is secured to those in military service by article II, paragraph 1, of the State Constitution.

The general rule in regard to the service of process, established by centuries of precedent, is that process must be served personally, within the jurisdiction of the court, upon the person to be affected thereby. Substituted or constructive service, when provided by statute, is in derogation of the general rule, and so the statutory directions must be strictly construed and fully carried out to confer jurisdiction. *McArdle Real Estate Co.* v. *McGowan,* 109 *N. J. L.* 595; *Ruhle* v. *Caffrey,* 113 *Id.* 240. The construction and application of *R. S.* 2:27–59, *supra,* must comport with the fundamentals of due process. The design of provisions for such substituted service is to afford the defendant actual notice of the action in time to make defense, if he so chooses, and thus to serve the essential purpose of personal service. The principle of reasonable notice is of the essence. The object of all process is to impart to the person affected notice of the proceeding and an opportunity to defend; and the sufficiency of the statutory substitute for personal service depends upon whether it is reasonably calculated to provide the defendant with notice of the action or proceeding and an opportunity to be heard. *Blackmer* v. *United States,* 284 *U. S.* 421; 52 *S. Ct.* 252; 76 *L. Ed.* 375; *Washington ex rel. Bond & Goodman & Tucker, Inc.,* v. *Superior Court,* 289 *U. S.* 361; 53 *S. Ct.* 624; 77 *L. Ed.* 1256; *McDonald* v. *Mabee,* 243 *U. S.* 90; 37 *S. Ct.* 343; 61 *L. Ed.* 608.

Of course, a person may enter one of the armed services under conditions that permit him to retain his pre-existing place of abode within the meaning of this act; but such is not the case here. Upon defendant's induction into the armed forces, his mother's home ceased *instanter* to be his place of abode. It does not matter in this regard that some of his clothing and personal belongings remain there, or that he intends to return to his mother's home, wherever it may be, as soon as his military service is terminated. While filial love binds him to his mother wherever she may be, and her home is his for lack of another, it is no longer his "actual place of abode" within the intendment of the statute. Thus, the return is shown to be false, and so the service must be set aside.

The *Soldiers' and Sailors' Civil Relief Act, supra,* tolls the statute of limitations. *Section* 205 provides that the period of military service shall not be included in computing any period limited by "any law, regulation, or order" for the bringing of an action by or against any person in such service. 50 *U. S. C. A., App.,* § 525. See, also, *R. S.* 2:24–7.

The rule to show cause is made absolute, without costs.