43 N.J. Super. 507 (1957)
129 A.2d 307
THEODORE DION, PLAINTIFF-RESPONDENT,
v.
RICHARD LEE GICKING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1957.
Decided February 7, 1957.
*508 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Stanley G. Bedford argued the cause for appellant (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys; Mr. Louis J. Pantages, of counsel; Mr. Walter S. Cramer, on the brief).
Mr. Stanley W. Greenfield argued the cause for respondent.
*509 The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This is an appeal from a Law Division interlocutory order in favor of plaintiff denying defendant's motion to dismiss for lack of proper service.
Plaintiff sued to recover for personal injuries allegedly resulting from defendant's negligent operation of his automobile. The summons and a copy of the complaint were left at the residence of his parents with defendant's grandmother at a time when he was serving in the armed forces of the United States and located out of the State. The trial judge found that defendant's place of abode was not in the State of New Jersey and concluded that the service was obviously faulty. R.R. 4:4-4(a); Eckman v. Grear, 14 N.J. Misc. 807, 187 A. 556 (C.P. 1936); Kurilla v. Roth, 132 N.J.L. 213 (Sup. Ct. 1944).
Defendant answered on the merits, generally denying negligence and raising the affirmative defenses of unavoidable accident, contributory negligence, assumption of risk and intervening agency. In addition, in his first and second defenses he specifically reserved the right to contest service of process, in accordance with R.R. 4:12-2. However, defendant made no prompt motion to challenge the service or to dismiss the action for obvious defect in service. Instead, interrogatories were propounded to plaintiff inquiring more specifically as to the nature and seriousness of his claimed injuries and medical expenses incurred. Plaintiff having failed to answer the interrogatories, the defense moved to dismiss the complaint. No hearing was had on the motion because the interrogatories were answered prior to the date set for the argument.
The defense next moved for an order compelling plaintiff to submit to a physical examination. We are informed that the court did not decide the motion but directed defendant to move to dismiss in accordance with the first and second separate defenses of the answer. This was done. The trial court denied the motion to dismiss because, in addition to the filing of a military affidavit, the defense had taken the pretrial discovery steps just mentioned. These, in the opinion *510 of the trial judge, constituted a general appearance, R.R. 4:4-6. In so holding he said:
"I think a true interpretation of the rule, while it gives the defendant the opportunity to challenge personal jurisdiction of the court over him on questions of process or otherwise, not only by a preliminary motion to dismiss but by an affirmative defense pleaded in the answer, may not be extended to include the taking of all intermediate discovery steps as though he were an actual party before the court, and then bring on the matter for disposition at or before trial time. That interpretation of the rule would completely disrupt the calendar status of the courts, would make adversary parties fully prepare a case for trial only to find that the matter would be dismissed by the court at the very trial, and I think would promote injustice, and is not the proper construction of the rule."
The single issue before us is whether the defendant, by his pretrial activity in filing interrogatories, moving for dismissal for failure to answer them, and moving for an order compelling physical examination, waived his right to contest the insufficiency of service of process specifically set up by way of separate defenses in his answer. Our conclusion is that he did not.
R.R. 4:12-2 requires that every defense to a claim for relief in any pleading shall be asserted in the answer thereto, except that certain defenses, among them lack of jurisdiction over the person (clause b), insufficiency of process (clause c), and insufficiency of service of process (clause d), may at the option of the pleader be made by motion before pleading, if a further pleading is to be made. The rule expressly provides that no defense or objection is waived by being joined with one or more other defenses or objections in an answer or motion. Special appearances are superseded.
R.R. 4:4-6 provides that a general appearance shall have the same effect as if the defendant had been properly served. The trial court must have proceeded on the basis of this rule in concluding that defendant's pretrial activity constituted a general appearance and, in effect, waived his right to contest the jurisdiction of the court over his person because of defective service of process. This conclusion is not consonant with *511 the clear intendment of R.R. 4:12-2 or the cases which have considered the rule.
It is now settled that R.R. 4:4-6 and R.R. 4:12-2 (clauses b, c and d) must be read together, and that when so integrated the scope of each rule is qualified and limited by the other. Trautman v. Higbie, 10 N.J. 239, 243 (1952); Galler v. Slurzberg, 22 N.J. Super. 477, 485-486 (App. Div. 1952), certification denied 11 N.J. 582 (1953). When so read, the scope of each rule is well stated in 2 Schnitzer and Wildstein, New Jersey Rules Service, A IV-242 (1954):
"1. Where a party, before raising his defense of personal jurisdiction by motion or answer, takes any step that constitutes a general appearance, he thereby waives his jurisdictional objections by reason of the provisions of R.R. 4:4-6. * * *
2. Where a party, before taking any steps in the cause, first raises his defenses of personal jurisdiction by motion or answer in accordance with R.R. 4:12-2 and 4:12-7, and simultaneously or thereafter appears generally by taking other steps going to the merits, he does not waive his jurisdictional objections by reason of R.R. 4:4-6. * * *"
The cases fully support this reasoning. Swanson v. Swanson, 8 N.J. 169, 181 (1951); Trautman v. Higbie, above; Field v. Field, 31 N.J. Super. 139, 149 (App. Div. 1954); Galler v. Slurzberg, above; cf. Whalen v. Young, 15 N.J. 321, 333-334 (1954).
Plaintiff contends that the defense, in making the motions it did, pursued plaintiff's case on its merits, and that this constituted an "estoppel" against raising the question of improper service. He appears to argue that to allow defendant to resort to pretrial discovery procedures while reserving the issue of personal jurisdiction for a later determination is inconsistent with the aims of our courts to reach a termination of litigation "with such thrift, expedition and simplicity as is consistent with doing justice." Kelleher v. Lozzi, 7 N.J. 17, 25 (1951); R.R. 4:1-2. But R.R. 4:12-4 clearly indicates that defenses raised under R.R. 4:12-2 may be heard and determined as late as the trial, if the court for good cause so orders. It is illogical to contend that while *512 the issue of improper service may be determined at the trial, a defendant, by utilizing discovery procedures in order to prepare for pretrial or trial, thereby automatically waives his jurisdictional defense. Certainly this was not contemplated by the rules. If a plaintiff desires to have this issue determined before trial, he may accomplish his end by making an appropriate motion under R.R. 4:12-4. A defendant has the same right, although it was not exercised here. Rather, the trial court, before ruling on the motion to compel plaintiff to submit to a physical examination, directed the defense to bring a motion to dismiss on the grounds of insufficiency of service. Such a direction, when in the discretion of the trial court the case permits, should be encouraged to avoid the necessity of "spending the time and money incident to going through pretrial conference and preparing for and conducting the trial itself, or indeed in embarking upon a course leading to those stages in procedure, when the entire question presented for determination is whether plaintiff is at liberty to prosecute [the] action." Kelleher v. Lozzi, above, 7 N.J., at page 25.
In commenting upon the meaning of R.R. 4:12-2, the trial court observed that "the true construction of the alternative right given [by the rule] to raise questions of personal jurisdiction must only be that the defendant may have an alternative right to defend on the merits at trial in the event he loses on his trial proofs as to the defect of service or the other lack of personal jurisdiction." Of what value is defendant's right to defend on the merits when he must forebear utilizing any pretrial discovery procedures or in any way invoking the aid of the court for fear of having waived the jurisdictional defense raised in his answer? How could he reasonably be expected to prepare his other defenses under such conditions? The injustice of such an interpretation of the rule is obvious. The defense attorney would be faced with a dilemma: failure to prepare his other defenses might be fatal to his cause; on the other hand, adequate preparation of these defenses, involving discovery procedures, would waive his jurisdictional defense and be equally fatal to his *513 cause. Certainly such an undesirable result was never in the contemplation of those who drafted and promulgated our rules.
The order of the Law Division is reversed.