94 N.J. Super. 142 (1967)
227 A.2d 148
ROBERTA LOUISE WARFIELD, PLAINTIFF,
v.
ALFRED A. FISCHER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 27, 1967.
*144 Mr. Clifford W. Starrett, attorney for plaintiff (Messrs. Schenck, Price, Smith and King, attorneys).
Mrs. Sonia Napolitano, attorney for defendant (Messrs. Pindar, McElroy, Connell and Foley, attorneys).
FULOP, J.S.C.
Defendant moves to quash the service of the summons in this case and also to dismiss the complaint.
The motion to set aside the service of the summons is based upon the position that service was not made at defendant's dwelling house or usual place of abode as provided in R.R. 4:4-4(a). A copy of the summons and complaint was left at the home of defendant's parents in Summit, New Jersey, with his mother. Defendant was then and is now in Germany studying at a University for an advanced degree.
Depositions have been taken of defendant's father and mother, from which the following facts appear.
Defendant was born on January 6, 1943, in Orange, New Jersey. He attended elementary school and high school in Summit and enrolled at the University of Rochester in 1961. At the end of his third year at college in 1964 he went abroad for a summer of study in Germany. He returned in the fall of 1964, and was graduated from the University of Rochester in 1965. On September 5, 1965 he again went to Germany to study. He has remained in Europe and away from the home of his parents in Summit, New Jersey, up to the present time. He is studying for a doctorate. He plans to teach and has disclosed no plans as to where he will live after the completion of these studies expected to take several years.
A room is available to defendant at the home of his parents in Summit. Some of his possessions such as books remain there. His parents support him and pay for his advanced schooling. He has registered to vote in New Jersey. However, he has not been here since September 1965.
The present suit is for personal injuries allegedly suffered by plaintiff while she was a passenger in defendant's automobile in Germany on July 30, 1964. The plaintiff is a *145 resident of Baltimore, Maryland. The suit was instituted on July 5, 1966, and service made as aforesaid on July 13, 1966.
The type of service of process employed in this case is not personal service. It is substituted service. Where the copy of the summons and complaint is delivered to a defendant himself within the territorial jurisdiction of the State, it is immaterial where defendant lives or is domiciled. But where, as here, the process is delivered to some person other than defendant, the service is effective to obtain in personam jurisdiction over him only if the service complies with the legal requirements. Cf. Ammond v. Lafayette, 63 N.J. Super. 86 (App. Div. 1960).
R.R. 4:4-4 (a) provides for service as follows:
"(a) Upon an individual other than an infant under 14 years of age or an incompetent person, by delivering a copy of the summons and complaint to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with some competent member of his family of the age of 14 years or over then residing therein; or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on his behalf; * * *."
The issue here is whether the home of defendant's parents in Summit was his "dwelling house or usual place of abode" at the time when the process was left there for him.
Plaintiff relies upon Missell v. Hayes, 84 N.J.L. 196 (Sup. Ct. 1913), affirmed 86 N.J.L. 348 (E. & A. 1914), and Vredenburgh v. Weidmann, 14 N.J. Misc. 285, 183 A. 459 (Sup. Ct. 1936). In Missell defendant, who was enrolled in a seminary studying for the ministry, was held properly served by leaving the process at the home of his parents. The court found that he had theretofore habitually returned to that home when not at school. The service was sustained for lack of sufficient proof that the parents' home had ceased to be defendant's usual place of abode. In Vredenburgh service upon a student at the Yale Law School located in New Haven, Connecticut, was made by delivering the summons and complaint to his father at the family home in Essex *146 County, New Jersey. The court found that defendant spent his vacations with his father at his home and held that the affidavits presented on defendant's behalf were insufficient and could not be allowed to countervail the sheriff's return which was presumed to be correct.
Defendant relies on Kurilla v. Roth, 132 N.J.L. 213 (Sup. Ct. 1944), and Eckman v. Grear, 14 N.J. Misc. 807, 187 A. 556 (C.P. 1936). Kurilla is the leading case on the subject. Justice Heher there said: "One's `usual place of abode,' in the statutory view, is the place where one is `actually living' at the time when the service is made." The court held that while defendant was away in military service his mother's home was not his usual place of abode, even though he had left some of his possessions there and intended to return to live there. In Mygatt v. Coe, 63 N.J.L. 510 (Sup. Ct. 1899), Chief Justice Gummere held that one who had two homes could not be served at one of them while he was living at the other. Accord: Feighan v. Sobers, 84 N.J.L. 575 (Sup. Ct. 1913), affirmed 86 N.J.L. 356 (E. & A. 1914); Sweeney v. Miner, 88 N.J.L. 361 (E. & A. 1915).
R.R. 4:4-4 (a) allows service at defendant's "dwelling house or usual place of abode." The same provisions were present in the statute construed in the Feighan and Mygatt cases, (supra). Defendant's dwelling house as well as his usual place of abode is the place where defendant lives at the time when service is made. The rule has been construed to have the same meaning as the predecessor statutes. Dion v. Gicking, 43 N.J. Super. 507 (App. Div. 1957).
Plaintiff argues that although cases dealing with men in service have disallowed service at the parental home, the opposite result has been reached in the case of students at universities, and the latter rule should be applied here. It is true that the cited student cases have resulted in the sustaining of service. However, the distinction is not between absence at school and absence on military service. The distinction is between one who, while attending a university as a resident student, returns often to his parents' home on *147 weekends, holidays and vacations, and a person removed from his home as in the case of one overseas. Justice Heher pointed out in Kurilla that one in military service might be living at home and in that case might be served there. The likelihood of prompt notice of the suit to defendant is the basis for permitting the substituted service.
I find that the Summit, New Jersey, residence of his parents was not defendant's dwelling house or usual place of abode at the time of the service of process. The service will therefore be vacated.
The motion to dismiss the complaint is based upon the doctrine of forum non conveniens. It is contended that since plaintiff lives in Maryland and the cause of action alleged arose in West Germany and none of the witnesses are in New Jersey, the New Jersey courts should not entertain the action.
The doctrine is one of comparatively rare application. A rather strong showing is required before plaintiff may be deprived of her choice of forum. The availability of another forum more convenient must be made to appear.
In this case the facts upon which application of the doctrine would depend have not been established by proof. For instance, the location of witnesses is argued but unproved.
Plaintiff may be able to obtain a writ of attachment in this case against property of the defendant. Cf. In re Gardinier's Estate, 40 N.J. 261 (1963). In that event jurisdiction quasi in rem may be obtained. In the alternative, defendant may within a reasonable time return to New Jersey and be served with process. Plaintiff should not be deprived of this opportunity to pursue her cause of action.
The motion to dismiss the complaint is denied. Neither party will be allowed costs.