[No. 10474–5–III.   Division Three.   January 15, 1991.]

RUSSELL ROMJUE, *Appellant,* v. MITCH FAIRCHILD, ET AL, *Respondents.*

*Allen D. Brecke, Douglass A. North,* and *Maltman, Weber, Reed, North & Ahrens,* for appellant.

*Michael L. O'Donnell* and *Raekes, Rettig, Osborne, Forgette & O'Donnell,* for respondents.

THOMPSON, J.—Russell Romjue appeals the dismissal of his action against Mitch Fairchild. The court dismissed Mr. Romjue's cause of action on summary judgment for failure to timely serve Mr. Fairchild. We reverse.

Mr. Romjue brought this action against Mitch and Jane Doe Fairchild seeking damages for injuries allegedly caused by the negligent operation of a motor vehicle by Mr. Fairchild on May 21, 1986. The action was filed on April 27, 1989.

On August 16, 1989, Mitch Fairchild's attorney notified Mr. Romjue's attorney he intended to move for summary judgment for failure to properly serve Mr. Fairchild within the 3–year statute of limitation. The 3–year statute expired on May 21, 1989, and the 90–day period thereafter during which service can be perfected under RCW 4.16.170[1] expired on July 27, 1989. Mr. Fairchild's motion for summary judgment was filed October 2, 1989.

According to the affidavits in the record, on April 27, 1989, process server Dina Navejar went to 910 S. Neel Court, Kennewick, Washington. In her affidavit, Ms. Navejar states she rang the bell, and a woman answered the door. When Ms. Navejar asked if Mitch Fairchild was

---

[1]RCW 4.16.170 provides:

"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."

there, the woman responded: "He is not here right now." The woman then stated either, "May I help you?" or "Can I take a message?" The woman also stated that she was Mrs. Fairchild. Ms. Navejar told the woman that she was looking for Mitch Fairchild to serve him with a summons and complaint. Ms. Navejar produced the papers, and Mrs. Fairchild withdrew into her house. Ms. Navejar laid the papers at her feet, telling her that because she was Jane Doe Fairchild, she was authorized to leave the papers with her.

Judy Fairchild's affidavit disputes Ms. Navejar's account of their conversation. According to Mrs. Fairchild, she told the process server she was Mitch Fairchild's mother, but he no longer lived at that address. Mitch Fairchild attests he moved from his mother's residence in August 1988, and has continuously lived in government subsidized housing in Ellensburg, Washington, since that time. He further states he has never had any intention of moving back to his mother's residence. While in Ellensburg, he has listed his occupation as "student".

The law firm of Raekes, Rettig, Osborne, Forgette & O'Donnell filed a notice of appearance on behalf of "Mitch and Jane Doe Fairchild" on May 5, 1989. On May 8, Mr. Romjue's counsel sent an "Affidavit of Service" to the Benton County clerk for filing, with a copy to Mr. Fairchild's counsel. The affidavit recites that service was made on Mr. Fairchild by leaving a copy of the summons and complaint with "Jane Doe Fairchild" at 910 S. Neel Court, Mr. Fairchild's "residence and usual place of abode".

Later that month, counsel for Mr. Fairchild sent "Defendant's First Set of Interrogatories and Request for Production of Documents" and a "Request for General and Special Damages"[2] to Mr. Romjue's counsel, for Mr. Romjue to answer. On June 5, 1989, Mr. Romjue's counsel wrote Mr. Fairchild's counsel:

---

[2]In answering this request, Mr. Romjue specified $70,000 in special damages and $100,000 in general damages.

Please be advised that *it is my understanding that the defendants have been served in the above matter [Romjue v. Fairchild]*. Accordingly, enclosed are the original and a copy of our interrogatories and a Request for Production of Documents for answering. Please get us your responses in a timely fashion. Thank you.

(Italics ours.)

■ The dispositive issue is whether Mr. Fairchild waived the defense of insufficient service because he engaged in discovery before he moved to dismiss. If a defendant conducts himself in a manner inconsistent with the later assertion of the defense of insufficient service, the court is justified in declaring a waiver. *Raymond v. Fleming*, 24 Wn. App. 112, 600 P.2d 614 (1979) (quoting 5 C. Wright & A. Miller, *Federal Practice* § 1344, at 526 (1969)), *review denied*, 93 Wn.2d 1004 (1980). However, engaging in discovery is not always tantamount to conduct inconsistent with a later assertion of the defense of insufficient service. For example, in *Matthies v. Knodel*, 19 Wn. App. 1, 5–6, 573 P.2d 1332 (1977), the court held the defendant took plaintiff's deposition in order to determine whether a defense existed, including whether the statute of limitation had run. Therefore, engaging in discovery did not constitute a waiver of that defense. *See also French v. Gabriel*, 57 Wn. App. 217, 220, 788 P.2d 569, *review granted*, 114 Wn.2d 1026 (1990); *Omaits v. Raber*, 56 Wn. App. 668, 670–71, 785 P.2d 462, *review denied*, 114 Wn.2d 1028 (1990); *Crouch v. Friedman*, 51 Wn. App. 731, 735, 754 P.2d 1299 (1988). Here, discovery was not directed toward determining whether facts existed to support the defense of insufficient service. On the contrary, the record indicates Mr. Fairchild's counsel should have known of this defense when he received the copy of the process server's affidavit from Mr. Romjue's counsel, some 3 weeks before he initiated discovery.

■ Additionally, the record indicates Mr. Romjue's counsel sent a letter to Mr. Fairchild's counsel, *prior to the expiration of the statute of limitation,* stating it was his understanding defendants had been served. Mr. Fairchild's

counsel knew at that time Mr. Romjue believed the Neel Court address was Mr. Fairchild's usual place of abode and was relying upon the defective service, yet he chose to say nothing until after the statute of limitation had expired. In these circumstances, we hold Mr. Fairchild waived the defense of insufficient service. *Cf. Board of Regents v. Seattle,* 108 Wn.2d 545, 553, 741 P.2d 11 (1987) (silence coupled with knowledge of an adverse claim will estop party from later asserting an inconsistent claim); and *Voelker v. Joseph,* 62 Wn.2d 429, 436, 383 P.2d 301 (1963) (doctrine of implied waiver by silence or acquiescence is invoked only where a forfeiture would otherwise result). We therefore reverse the summary dismissal.

Since we have concluded the dismissal should be reversed based on waiver, we do not reach the issue whether there are unresolved material issues of fact regarding Mitch Fairchild's "usual place of abode". We note, however, courts in other states hold the parental home of an unmarried college student may continue to be a place where substitute service may be made in certain circumstances. 62B Am. Jur. 2d *Process* § 211, at 913 (2d ed. 1990). *See also* Annot., *Construction of Phrase "Usual Place of Abode" or Similar Terms Referring to Abode, Residence, or Domicil, as Used in Statutes Relating to Service of Process,* 32 A.L.R.3d 112, § 11(a), at 139 (1970); *Hubbard v. Brinton,* 26 F.R.D. 564 (E.D. Pa. 1961); *Warfield v. Fischer,* 94 N.J. Super. 142, 227 A.2d 148 (1967); *Missell v. Hayes,* 84 N.J.L. 196, 85 A. 818 (1913); *Thoenes v. Tatro,* 270 Or. 775, 529 P.2d 912 (1974).[3] When viewed in the light most favorable to Mr. Romjue, the nonmoving party, the process server's affidavit raises an inference that service was proper. Given this

---

[3]In *Thoenes,* the court focused on the constitutional requirement that effective service requires notice of the pendency of a dispute and the opportunity to defend. It held at page 787:

We think it is clear that to comport with this standard, "usual place of abode" must be taken to mean such center of one's domestic activity that service left with a family member is reasonably calculated to come to one's attention within the statutory period for defendant to appear.

inference, Mr. Fairchild's affidavit is not sufficient to establish as a matter of law that his usual place of abode was other than his mother's home.

Reversed and remanded for trial on the merits.

GREEN, C.J., and SHIELDS, J., concur.

Review denied at 116 Wn.2d 1026 (1991).