Ruth RICH, Plaintiff,

v.

JEFFERSON MEDICAL COLLEGE OF PHILADELPHIA, a Corporation, and Dr. Stanley Zeeman, Jefferson Medical College, Philadelphia, Pennsylvania, and Dr. Hobart A. Reimann, Jefferson Medical College, Philadelphia, Pennsylvania, and Dr. Daniel S. Rowe, Jefferson Medical College, Philadelphia, Pennsylvania, and Dr. Bruce Wimer, Jefferson Medical College, Philadelphia, Pennsylvania, Defendants.

Civ. A. No. 11632.

United States District Court
E. D. Pennsylvania.

Nov. 1, 1954.

Leonard S. Melrod of Lubar, O'Keefe, Friedlander & Melrod, Washington, D. C., F. Raymond Heuges, Philadelphia, Pa., for plaintiff.

Michael A. Foley, Philadelphia, Pa., for Jefferson Medical College.

**358**

Thomas E. Comber, Jr., Philadelphia, Pa., for Dr. Reimann.

Robert L. Trescher, Philadelphia, Pa., for Dr. Rowe.

Daniel F. Martini, Shamokin, Pa., for Dr. Rowe.

Edwin W. Semans, Philadelphia, Pa., for Dr. Wimer.

GRIM, District Judge.

This is a diversity tort action in which plaintiff claims damages from Jefferson Medical College of Philadelphia and from four physicians for alleged negligence in the examination and treatment of plaintiff in Philadelphia on May 3, 1950. The action was started against Jefferson Medical College alone on November 22, 1950. On May 22, 1952, plaintiff filed an amended Complaint adding as defendants four physicians including Dr. Daniel S. Rowe. Dr. Rowe has filed an Answer which, among other things, states that the action against Dr. Rowe is barred by the statute of limitations. Dr. Rowe has also filed a motion for summary judgment in his favor. The only question now before me is whether or not the statute of limitations requires that judgment be entered in favor of Dr. Rowe.

Dr. Rowe has filed an affidavit which states the facts in the case and plaintiff does not contravene these facts. Dr. Rowe has been domiciled in Shamokin, Pennsylvania, all his life. On January 4, 1949, he entered active duty with the United States Naval Reserve. On May 3 and 4, 1950, while on this duty, he was on assignment as an intern at the Jefferson Medical College Hospital in Philadelphia. His assignment in Philadelphia lasted until June 30, 1950, when he was transferred to the Naval Air Station at Lakehurst, New Jersey. He remained there until December, 1950, when he was transferred to the Marine Corps Air Station at Santa Ana, California, where he remained until June 30, 1952. At this time he was placed on inactive duty and he returned to his home at Shamokin, Pennsylvania, where he has remained to the present time.

■■ The alleged acts of negligence were committed in Philadelphia on May 3 or 4, 1950. Since they were committed in Pennsylvania the case is governed by the Pennsylvania statutes of limitations. Pennsylvania has a statute of limitations which provides, Act of 1895 P.L. 236, § 2, 12 P.S. § 34:

"Limitation in cases of personal injury. Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards * * *."

This statute applies to a case where a person sues a physician for something the physician has done in his professional capacity, Bernath v. LeFever, 325 Pa. 43, 189 A. 342, but plaintiff contends that it does not apply to the present case because of another Pennsylvania statute (hereinafter called the tolling statute), which provides, Act of 1895 P.L. 112, § 1, 12 P.S. § 40:

"In all civil suits and actions in which the cause of action shall have arisen within this state the defendant or defendants in such suit or action, who shall have become nonresident of the state after said cause of action shall have arisen, shall not have the benefit of any statute of this state for the limitations of actions during the period of such residence without the state."

It is clear that Dr. Rowe lived outside of Pennsylvania from June 30, 1950, to June 30, 1952, and that if the running of the statute of limitations was tolled during this period when he lived outside of Pennsylvania the statute of limitations is not a bar to the present action against him.

■ The problem here is whether or not Dr. Rowe was a "non-resident" within the meaning of the tolling statute while he was outside of Pennsylvania in the naval forces of the United States from June 30, 1950, to June 30, 1952. This court, of course, must follow the construction which the Pennsylvania

courts have put upon the above quoted statutes.

In Raymond v. Leishman, 243 Pa. 64, 89 A. 791, L.R.A.1915A, 400, the Pennsylvania Supreme Court had before it a problem which required it to determine the meaning of the word "non-resident" as it is used in the Pennsylvania Foreign Attachment Act of 1836 as amended in 1905. The defendant in that case had been in the diplomatic service of the United States for many years and at the time of the institution of the foreign attachment proceeding against him he was in Germany performing his duties there as Ambassador to Germany. The action could have been brought against him properly in Pennsylvania only if the defendant was a "non-resident" of Pennsylvania. The Pennsylvania Supreme Court decided that the action had been brought properly and that the defendant was a "non-resident" of Pennsylvania while in the diplomatic service of the United States. In Hunter v. Bremer, 256 Pa. 257, 100 A. 809, the Pennsylvania Supreme Court had before it the problem of determining the meaning of "non-resident" as it is used in the Pennsylvania tolling statute. In its opinion in the Hunter case the Court stated, 256 Pa. at page 264, 100 A. at page 812:

> "It is plain that the residence intended by this act [the tolling statute] is of the same character as that contemplated by the statute dealt with in the Leishman Case * *."

Therefore, it is clear that under the Pennsylvania decisions when a Pennsylvania resident who is a member of the United States diplomatic service leaves Pennsylvania on his official duties the statute of limitations is tolled as to him while he is outside of Pennsylvania. In my opinion, the same result follows when a resident of Pennsylvania who is a member of the United States military service leaves Pennsylvania on his official duties. There are differences between the diplomatic service and the military service,[1] but, in my opinion the differences are not significant.

The situation in the present case is covered by the following statement in the opinion of the Pennsylvania Supreme Court in the case of Hunter v. Bremer, supra, 256 Pa. at page 264, 100 A. at page 812:

> "* * * the legislative purpose [when it enacted the tolling statute] was to provide that, when a resident of Pennsylvania incurs legal obligations within the Commonwealth, if he subsequently leaves this jurisdiction and becomes nonresident to such an extent that he cannot be reached by the ordinary process of a Pennsylvania court, while so nonresident, he is not entitled to the benefit of our statutes of limitation. In short, the Act of 1895, supra, contemplates simply a residence of such permanency that the person in question may be found here and served with ordinary legal process at any time, generally speaking. The existence of such a residence constitutes one a resident within the meaning of the act, and, on the other hand, its absence makes him a nonresident."

While Dr. Rowe was in the military service outside of Pennsylvania he could not be reached by ordinary Pennsylvania legal process[2] and, therefore, the

---

1. For instance, when a member of the military service is ordered to go from one place to another he must go as ordered; he has no choice. A member of the diplomatic service has a choice when ordered to move; by resigning he can refuse to go.

2. Since Dr. Rowe was domiciled in Pennsylvania at all times, perhaps he was always subject to service of process in Pennsylvania by service at his place of abode. (See Rule 1009, Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix.) Also a writ of summons could have been issued in a Pennsylvania court during Dr. Rowe's absence and reissued (See Rule 1010, Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix.) and served after his return. In my opinion, however, the fact that Dr. Rowe might have been subject to service of process by one or both of these methods has no significance in determining the meaning of the tolling statute.

# 360

running of the Pennsylvania statute of limitations was tolled while he was outside of Pennsylvania.

In my opinion, Dr. Rowe was a "nonresident" of Pennsylvania within the meaning of the tolling statute between June 30, 1950 and June 30, 1952, although he was domiciled in Pennsylvania during that entire period.

Defendant contends that the present case is governed by the decision of the Pennsylvania Supreme Court in the case of Nixon v. Nixon, 329 Pa. 256, 198 A. 154. The Nixon case was a divorce case. It involved the meaning of the word "resident" as it is used in the Pennsylvania divorce act rather than the tolling statute and, in my opinion, is not controlling in the present case.

The motion of defendant, Dr. Daniel S. Rowe, for summary judgment will be denied.