Franklin L. Gordon, Gordon & Gordon, Coatesville, Pa., for plaintiffs.

William E. Parke, Parke & Parke, West Chester, Pa., for defendants.

**Robert HUBBARD, Mary Hubbard and Judy Kay Hubbard, a minor, by Robert Hubbard, her father and next friend and guardian,**

v.

**Henry BRINTON, Virginia C. Brinton and M. Virginia Brinton.**

Civ. A. No. 28206.

United States District Court
E. D. Pennsylvania.

Jan. 19, 1961.

EGAN, District Judge.

This is a diversity suit to recover damages for personal injuries to the minor plaintiff, at that time 9 years of age, when she was thrown by a horse owned by defendants or under their control at a riding school they conducted in Chester County, Pennsylvania.

Defendants move to dismiss on the ground that the suit is barred by the applicable statute of limitations. The motion will be granted.

The complaint, filed on June 24, 1960, service of which, together with a summons, was made on defendants at their home, 1224 Olive Street, Coatesville, Pennsylvania, within this district, on July 11, 1960, shows that plaintiffs are citizens of West Virginia and that defendants are citizens of Pennsylvania; that on June 22, 1958,[1] defendants negli-

---

[1] Plaintiffs' counsel agrees the accident happened on June 22, 1958, although the complaint says on or about June 22, 1958.

gently permitted minor plaintiff to ride a horse which she was not able to manage; that the horse ran away with her, throwing her to the ground as a result of which she suffered a fractured skull and other injuries, and was damaged to an amount exceeding the jurisdictional minimum required for this Court's jurisdiction.

■ There is no question that the accident happened in Pennsylvania and that the Pennsylvania statute of limitations for personal injuries applies and that the period of limitation expired in two years from the date of the accident. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34. Since this action was not commenced until June 24, 1960, it was not timely brought. Blair v. Pennsylvania Turnpike Commission, C. P. Westmoreland Co. 1955, 2 Pa.Dist. & Co.R.2d 209.

While plaintiffs' counsel seems to concede that the suit is too late as to two of the defendants, he contends that it is tolled as to the defendant M. Virginia Brinton, who was a student at Hood College, Frederick, Maryland, from September 1959 through June 1960, and that as to her, nine months should be added to the statutory expiration date and therefore the action is timely, citing the Act of May 22, 1895, P.L. 112, § 1, 12 P.S. § 40.

■ Since M. Virginia Brinton was in permanent residence at the home of her parents, 1224 Olive Street, Coatesville, Pennsylvania, where she was served by the Marshal by serving her mother, Virginia C. Brinton, while she was a resident student at Hood College, we believe that service on her was good. See Rule 4(d) (1) Fed.R.Civ.P., 28 U.S.C.A. Pennsylvania has a similar rule. See Pa. R.Civ.P., Rule 1009(b) (2) (i), 12 P.S. Appendix. As a consequence, we are not concerned with the question of tolling the period of limitation as to her. Hunter v. Bremer, 1917, 256 Pa. 257, 263–264, 100 A. 809. Accord, Grabowski v. Noltes, C. P. Allegheny Co. 1957, 11 Pa. Dist. & Co.R.2d 627, citing 2 Goodrich-

Amram, Standard Penna.Practice, § 2077 (a)–10.

The case of Rich v. Jefferson Medical College, D.C.E.D.Pa.1954, 125 F.Supp. 357 is not germane since defendant there was absent in the military service. Neither is Raymond v. Leishman, 1914, 243 Pa. 64, 89 A. 791, L.R.A.1915A, 400, where defendant had been absent from Pennsylvania for 12 years while in the diplomatic service.

For the reasons stated, the defendants' motion to dismiss will be and hereby is granted and the complaint is dismissed.

It is so ordered.