# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STEVEN W. HYDE and SANDRA D. BROOKE, husband and wife, | ) ) ) | No. 69668-8-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| CITY OF LAKE STEVENS, | ) ) | |
| Respondent. | ) ) | FILED: January 21, 2014 |

2014 JAN 21 AM II: 08 COURT OF APPEALS DIV I STATE OF WASHINGTON FILED

GROSSE, J. — When a plaintiff brings suit for injury caused by negligent use of a weapon and he fails to show that he could not have immediately discovered that this was a possible cause of his injury, the statute of limitations began to run from the date of injury. Because Steven Hyde failed to serve someone authorized to accept service for the city of Lake Stevens under RCW 4.28.080(2) within that limitation period, the trial court properly granted summary judgment for the city of Lake Stevens and dismissed the claims. Accordingly, we affirm.

## FACTS

On June 2, 2009, the city of Lake Stevens (City) offered Steven Hyde a position as a police officer. As part of his training, Hyde participated in taser training. He completed the written taser training portion on June 10, 2009 and on the next day, June 11, 2009, Hyde participated in the practical taser application and testing.

During this part of the training, Hyde was subjected to a short burst of the taser weapon in accordance with the taser training protocol. Before the tasing took place, Hyde signed a release from Taser International, the manufacturer of the weapon. Hyde then lied down on the floor with clips attached to his right arm and left ankle and a certified taser instructor applied the taser on him for a few seconds. Afterward he complained of back pain and on that same day, he filed an injury report of the incident with the City.

On August 28, 2009, Hyde had surgery on his back because the pain had not resolved. On September 25, 2009, Hyde contacted Taser International, inquiring about the recommended methods of exposure during taser training. On September 30, 2009, Hyde received an e-mail from the training manager at Taser International, who responded that the training guidelines state to target the back or the legs and that shoulder and foot exposures were not recommended.

Hyde filed a negligence lawsuit against the City seeking damages under the Law Enforcement Officers' and Firefighters' Retirement System Act (LEOFF), chapter 41.26 RCW, and on November 3, 2010, served a summons and complaint on the City's Human Resource (HR) Director, Steve Edin. The Declaration of Service stated:

> [T]he declarant duly served the above described documents upon NORMA SCOTT as CITY CLERK for CITY OF LAKE STEVENS by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with STEVE EDIN HR DIRECTOR.

On November 9, 2010, the City filed a notice of appearance "without waiving any defects as to lack of jurisdiction over subject matter, lack of jurisdiction over person, improper venue, insufficiency of process, insufficiency of service of

2

process . . . ."

On December 21, 2010, Hyde again served the summons and complaint on Edin. On January 19, 2011, the City filed an answer, asserting insufficient process. On April 19, 2011, the City again denied proper service in response to Hyde's request for admissions.

On August 23, 2012, the City filed a motion for summary judgment, seeking dismissal because Hyde had failed to properly serve the City within the statute of limitations, arguing that the HR director was not authorized to accept service for the City. The City further contended that Hyde was not a commissioned police officer and therefore not entitled to relief under the LEOFF statute, Hyde's wife had no cognizable spousal consortium claim under the LEOFF statute, and Hyde's claims were barred by his signed release and express assumption of risk.

On September 4, 2012, Hyde served the summons and complaint on Norma Scott, the city clerk. On September 10, 2012, Hyde filed a response to the summary judgment motion. On September 24, 2012, Hyde served the summons and complaint on the mayor.

On October 5, Hyde submitted supplemental briefing and evidence on the summary judgment motion and the City moved to strike these materials as untimely submitted. On October 17, 2012, the court granted the motion to strike the supplemental materials and granted the City's summary judgment motion. Hyde moved for reconsideration, which was denied. Hyde appeals.

ANALYSIS

Hyde challenges the court's dismissal based on his failure to properly serve the City within the statute of limitations. In its order granting summary judgment, the court concluded that "Service of Process is Defective; the statute of limitations began to accrue on June 11, 2009." We agree.

Service on the HR director was not proper service as required by RCW 4.28.080(2), which provides in part:

> Service made in the modes provided in this section shall be taken and held to be personal service. The summons shall be served by delivering a copy thereof, as follows:
>
> . . . .
>
> If against any town or incorporated city in the state, to the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof.

Our courts require "strict compliance with the statutory requirements of service of process as a prerequisite to the court's acquiring jurisdiction over a city."[1] Accordingly, "[w]hen a statute designates a particular person or officer upon whom service of process is to be made in an action against a municipality, no other person or officer may be substituted."[2] Nor is it reasonable to rely on a government employee's representation rather than the statutory language.[3]

Here, the City served the HR director, Steve Edin, on November 3, 2010, and again on December 21, 2010. Under the plain language of the statute, this does not constitute proper service. Indeed, the city clerk confirmed that the HR

---

[1] Meadowdale Neighborhood Comm. v. Edmonds, 27 Wn. App. 261, 267, 616 P.2d 1257 (1980).
[2] Meadowdale, 27 Wn. App. at 264.
[3] Davidheiser v. Pierce Cnty., 92 Wn. App. 146, 152-55, 960 P.2d 998 (1998), rev. denied, 137 Wn.2d 1016 (1999) (rejecting plaintiffs' estoppel argument that they relied on a government employee's direction to serve the wrong person).

director was not authorized to accept service for the City. While Hyde did eventually serve the city clerk on September 4, 2012 and the mayor on September 24, 2012, this was beyond the statute of limitations period, which, as the trial court correctly concluded, began to run from the date of injury on June 11, 2009 and expired on August 10, 2012.[4]

Hyde contends that the statute of limitations did not begin to run until September 30, 2009, when he first learned that his injury was caused by the training officer's negligence.[5] Thus, he contends, it did not expire until November 29, 2012, after he served the city clerk.[6] Hyde invokes the "discovery rule," which applies "[i]n certain torts [when] injured parties do not, or cannot, know they have been injured; in these cases, a cause of action accrues at the time the plaintiff knew or should have known all of the essential elements of the cause of action."[7] The rule has been applied in products liability cases when a claimant cannot readily ascertain the factual causal relationship between a defective product and harm at the time the harm actually occurred.[8]

Hyde relies on North Coast Air Services v. Grumman Corp., where the court addressed the applicability of the rule to RCW 7.72.060(3), which provides

---

[4] RCW 4.16.080(2) (an action for any "injury to the person" shall be commenced within three years); RCW 4.96.020(4) (providing an additional 60-day claim period for tort claims against local government entities); Matter of Estates of Hibbard, 118 Wn.2d 737, 744, 826 P.2d 690 (1992) ("The general rule in ordinary personal injury actions is that a cause of action accrues at the time the act or omission occurs.").
[5] September 30, 2009, was the date on which Hyde received the e-mail from Taser International stating that shoulder and foot exposures were not recommended during taser training.
[6] Brief of Appellant at 37.
[7] White v. Johns-Manville Corp., 103 Wn.2d 344, 348, 693 P.2d 687 (1985).
[8] North Coast Air Servs., Ltd. v. Grumman Corp., 111 Wn.2d 315, 319, 759 P.2d 405 (1988).

that the statute of limitations for products liability claims begins to run "from the time the claimant discovered or in the exercise of due diligence should have discovered the harm and its cause."[9] There, a pilot died in a plane crash and the initial investigation attributed the cause to pilot error and concluded there were no mechanical defects in the plane.[10] The pilot's father learned 11 years later that the crash was a result of a defect in the plane only after he heard of later incidents involving this same aircraft where the defect resulted in similar crashes.[11]

The court interpreted RCW 7.72.060(3) to require that "the claimant in a product liability case must have discovered, or in the exercise of due diligence should have discovered, a factual causal relationship of the product to the harm," in order for the statutory limitation period to start running.[12] Accordingly, the court held:

> [I]n this case the action did not accrue at the time claimant knew of the harm (death) and knew that the apparent and immediate cause was the crash. . . . [W]e hold that the claimant must know or should with due diligence know that the cause in fact was an alleged defect.[13]

But here, there is no products liability claim. Thus, the rule in North Coast does not apply. And while the discovery rule has been applied in other contexts, our courts have been careful to limit its application

> to claims in which the plaintiffs could not have immediately known of their injuries due to professional malpractice, occupational diseases, self-reporting or concealment of information by the defendant. Application of the rule is extended to claims in which

---

[9] North Coast, 111 Wn.2d at 317.
[10] North Coast, 111 Wn.2d at 317.
[11] North Coast, 111 Wn.2d at 317-18.
[12] North Coast, 111 Wn.2d at 319
[13] North Coast, 111 Wn.2d at 319.

6

plaintiffs could not immediately know of the cause of their injuries.[14]

Hyde alleges no such claims. Rather, Hyde's complaint simply alleges negligence that caused an injury sustained on June 11, 2009 from the tasing:

> 6. On or about June 11, 2009 Plaintiff Steven W. Hyde in the course of his employ by Defendant was tased. As a result of said tasing Plaintiffs suffered injury.
> 7. The injury described above was directly and proximately caused by the negligence of Defendant City of Lake Stevens.
> 8. The tasing described above was an inherently and abnormally dangerous activity rendering Defendant liable for any resulting harm to Plaintiffs.
> 9. As a direct and proximate result of the negligence and inherently dangerous activity described above, Plaintiffs have suffered, and will in the future suffer, medical costs and expenses, financial loss, physical injury, pain and suffering, emotional distress, mental anguish, loss of consortium and other damages to be identified and proved at the time of trial.

While Hyde did not in fact discover at the time of the injury that a possible cause of the injury was misuse of the taser, he fails to show that he could not have made that inquiry at the time. Accordingly, as an ordinary personal injury claim, the general rule is that a cause of action accrues at the time the act or omission occurs.[15] In this case, this was when the tasing and resulting injury occurred, on June 11, 2009.

Hyde also asserts that he brought a claim of negligent misrepresentation based on his later discovery that being tased was not a requirement to become a police officer. He alleges that this was not what he was told at the time of the taser training and did not learn this until June 20, 2011. Thus, he contends that the statute of limitations for the claim did not expire before he served the city

---

[14] Hibbard, 118 Wn.2d at 749-50.
[15] Hibbard, 118 Wn.2d at 744 (refusing to apply discovery rule in wrongful death, rape, and negligence case).

clerk. But as the City correctly points out, Hyde did not plead any claim of negligent misrepresentation. As noted above, his complaint simply alleged negligence resulting in an injury from the tasing on June 11, 2009 and he points to no amended complaint in the record that reflects the addition of this claim. The only mention of such a claim was raised in Hyde's motion for reconsideration, which was rejected by the trial court and to which he has not assigned error.[16] Thus, this argument is without basis.

Finally, Hyde contends that even if the statute of limitations had expired before he made proper service, the trial court should have found that the City waived the affirmative defensive of defective service because it had impermissibly "lied in wait," and then asserted insufficient process only after the limitation period had run, thereby depriving him of the opportunity to cure the service defect. Hyde relies on Lybbert v. Grant County, where the court held that the county waived its right to assert insufficiency of service when it sought dismissal based on Lybbert's failure to properly serve the county within the statute of limitations.[17] The court explained that such a waiver can occur "if the defendant's assertion of the defense is inconsistent with the defendant's previous behavior," or "if the defendant's counsel has been dilatory in asserting the defense."[18] The court held that the county waived the defense because it had initially represented that it was preparing an answer shortly after the complaint

---

[16] While Hyde included the order on reconsideration in his notice of appeal, he has waived review of it by failing to assign it as error and argue it in his opening brief. State v. Sims, 171 Wn.2d 436, 441, 256 P.3d 285 (2011) ("an appellant is deemed to have waived any issues that are not raised as assignments of error and argued by brief.").

[17] 141 Wn.2d 29, 32, 1 P.3d 1124 (2000).

[18] Lybbert, 141 Wn.2d at 39.

was filed, but in fact did not file an answer or assert defective process until after the statute of limitations expired and up until that point had acted as though it was preparing to litigate the merits without any mention of defective process.[19]

Hyde argues that similarly here, the City waived its defenses of insufficient process and statute of limitations by filing a notice of appearance after the initial service on Edin, continuing to engage in discovery until the statute of limitations expired, and then moving for summary judgment after it expired based on insufficient process. But unlike in Lybbert, Hyde fails to show that the City's assertion of insufficient service was inconsistent with its previous behavior or that its counsel was dilatory in asserting the defense.[20] Rather, the record shows that the City asserted insufficient service of process more than once and did so well before the statute of limitations expired. On January 19, 2011, the City filed an answer, asserting insufficient process. On April 19, 2011, the City again denied proper service in response to Hyde's request for admissions. In response to requests for production, on April 21, 2011, the City submitted a copy of the process server's declaration showing that the HR director was served. Thus, Hyde had over a year to cure the defect before the statute of limitations expired, unlike the plaintiff in Lybbert who was unfairly surprised with the defense only after the limitation period expired.

The trial court did not err by concluding that the statute of limitations began to run from the date of the tasing injury and expired before proper service

---

[19] Lybbert, 141 Wn.2d at 33

[20] See Lybbert, 141 Wn.2d at 41 (recognizing that "the mere act of engaging in discovery 'is not always tantamount to conduct inconsistent with a later assertion of the defense of insufficient process'") (quoting Romjue v. Fairchild, 60 Wn. App. 278, 281, 803 P.2d 57 (1991)).

was made on the City. Thus, the trial court properly dismissed the lawsuit on this basis alone. Accordingly, we need not reach the remaining arguments addressing the substance of the claims.

We affirm.

WE CONCUR: